United States District Court
Southern District of Texas
**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| S.D.C.G.C., *et al.*, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-26-3981 |
| ANGIE SALAZAR, *et al.*, | § | |
| Defendants. | § | |

**ORDER**

The petitioners are children detained by the respondents. Their aunt has attempted to sponsor and take custody and care of them. (*See* Docket Entry No. 1). The respondents have an obligation to "adjudicate the completed sponsor application of other close relatives who were not the child's primary caregiver within 14 calendar days of receipt of the completed sponsor application, absent an unexpected delay." 45 C.F.R. § 410.1205(b). The petitioners' sponsor has a complete application, except for one requirement. The Internal Revenue Service has unduly delayed issuing the sponsor an Individual Taxpayer Identification Number. (*See* Docket Entry No. 7 at 2). The petitioners have been in custody since April 2025. There has not been a timely reunification of the petitioners with their aunt, an adequate sponsor, as required by the relevant regulations. *See* 45 C.F.R. § 410.1200 ("This subpart covers the policies and procedures used to release, without unnecessary delay, an unaccompanied child from ORR custody to a vetted and approved sponsor.").

Prompt release from custody is warranted. When a habeas petition is properly within the court's jurisdiction, the court is empowered to "dispose of the matter as law and justice require."

28 U.S.C. § 2243. Section 2243 vests courts "with the largest power to control and direct the form of judgment to be entered" in habeas cases. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting *In re Bonner*, 151 U.S. 242, 261 (1894)). The sponsor is the petitioners' aunt. There is no suggestion, much less anything in the record showing, that the sponsor will be anything but an adequate and affectionate guardian. Requiring the respondents and other federal agencies to complete the remaining administrative processes would "be of marginal benefit" in identifying any risks to the minor petitioners. *Beltran v. Cardall*, 222 F. Supp. 3d 476, 489 (E.D. Va. 2016); *Santos v. Smith*, 260 F. Supp. 3d 598, 615 (W.D. Va. 2017); *J.S.G. ex rel. Hernandez v. Stirrup*, No. CV SAG-20-1026, 2020 WL 1985041, at *10 (D. Md. Apr. 26, 2020). The appropriate remedy is to "grant the Petition for a Writ of Habeas Corpus outright and require that" the petitioners be released to the sponsor's "care and custody." *Beltran*, 222 F. Supp. 3d at 489.

The petition for a writ of habeas corpus, (Docket Entry No. 1), is granted. The respondents' motion for summary judgment, (Docket Entry No. 7), is denied. The respondents must release the petitioners to their aunt today, May 29, 2026.

SIGNED on May 29, 2026, at Houston, Texas.

Lee H. Rosenthal

Lee H. Rosenthal
Senior United States District Judge